UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM B. O'NEAL, | ) | CASE NO. 1:06 CV 2728 |
| Plaintiff, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | |
| ROBERT D. NEWMAN, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On November 13, 2006, plaintiff pro se William B. O'Neal, a prisoner at the Allen Correctional Institution, filed this action under 42 U.S.C. § 1983 against Robert D. Newman and Veronica M. Perry of the Medina County Adult Probation Department. On January 16, 2007, plaintiff filed a Motion for Leave to File Amended Complaint, to which was attached a proposed amended complaint adding Judge Christopher J. Collier as a defendant. Although leave to file the amended complaint is not required, Fed.R.Civ.P. 15(a), the Motion for Leave is granted. For the reasons stated below, this action is dismissed.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon

which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; <u>Siller v. Dean</u>, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

The amended complaint alleges that a presentence investigation report concerning plaintiff, prepared by Mr. Newman and approved by Ms. Perry, contained deliberately inaccurate information about plaintiff's criminal history. It is further alleged that this erroneous information was used to calculate Mr. O'Neal's sentence, to his detriment. Plaintiff asserts violation of his rights to due process and equal protection under the Fourteenth Amendment, and that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. He further asserts violation of his Sixth Amendment right to an impartial jury.

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Because Mr. O'Neal's claims implicitly challenge the

2

length of his sentence, he is precluded under Heck from raising them in a 42 U.S.C. § 1983 action absent allegations that his conviction, sentence or presentence report was reversed, expunged, or declared invalid. Noel v. Grzesiak, No. 03-2150, 96 Fed.Appx. 353 (6th Cir. Apr. 27, 2004).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: January 25, 2007              s/    James S. Gwin
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE